# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-154V

| | |
|---|---|
| * * * * * * * * * * * * * * * | |
| PRESTON HALE, administrator of the | |
| Estate of KATHIE M. HALE | |
| Petitioner, | Special Master Shah |
| v. | Filed: August 28, 2025 |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

*Anthony James Bucher,* Conway, Gatlin Voelker, PLLC, Covington, KY, for Petitioner.
*Mark Kim Hellie,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 30, 2019, Kathie M. Hale filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. (ECF No. 1). Mrs. Hale alleged that she suffered from Guillain-Barré syndrome ("GBS"), loss of cognitive function, dizziness, and extreme fatigue caused by the influenza ("flu") vaccination she received on September 22, 2017. *Id.* at 2-3.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On May 11, 2023, Mrs. Hale passed away, and on November 26, 2024, her husband, Mr. Preston Hale, administrator of the Estate of Kathie M. Hale ("Petitioner"), was substituted as Petitioner. *See* ECF Nos. 42-1, 43.

On November 27, 2024, the parties filed a Joint Stipulation of Dismissal stating that, "[a]s the original Petitioner, Kathie M. Hale and Petitioner's expert have both passed away, Petitioner does not believe that it would be a productive use of the resources of the Court, the Respondent, the Petitioner, or the Vaccine Program to continue to pursue these claims." ECF No. 44. On December 2, 2024, I adopted the parties' stipulation and issued an Order Concluding Proceedings dismissing the case without prejudice. ECF No. 45.

On January 8, 2025, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs. ECF No. 47. Petitioner requests attorneys' fees and costs in the amount of $17,680.60, consisting of $15,162.10 in attorneys' fees and $2,518.50 in attorneys' costs. Fees App. at 1, 8. Petitioner did not indicate that any personal costs were incurred related to the prosecution of this petition. *See* Fees App. Respondent filed a response ("Fees Resp.") to the motion on February 5, 2025. ECF No. 48. Respondent stated that he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requested "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2, 4. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.   Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I find that the claim possessed good faith and reasonable basis while it was pending before the Court. I note that Respondent has not asserted that this claim was not brought in good faith or lacked a reasonable basis. Accordingly, I conclude that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market

rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his attorney, Mr. Anthony Bucher: $350.00 per hour for work performed in 2018, $365.00 per hour for work performed in 2019, $387.00 per hour for work performed in 2020, $411.00 per hour for work performed in 2021, $435.00 per hour for work performed in 2022, $480.00 per hour for work performed in 2024, and $495.00 per hour for work performed in 2025. The rates requested from 2019-2022 are consistent with what counsel has previously been awarded for his Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Starkey on behalf of estate of R.S. v. Sec'y of Health & Hum. Servs.*, No. 21-1646V, 2023 WL 6439906, at *3 (Fed. Cl. Spec. Mstr. Sept. 6, 2023); *K.L. v. Sec'y of Health & Hum. Servs.*, No. 17-1660V, 2024 WL 4043684, at *2 (Fed. Cl. Spec. Mstr. Apr. 12, 2024). Mr. Bucher has not been given an hourly rate for 2018, 2024, or 2025 in prior matters, but requests $350.00, $480.00, and $495.00, respectively. These rates are comparable and in line with Mr. Bucher's overall Vaccine Program and legal experience, and I adopt the rates herein.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See, e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary for excessive billing for travel time. In the Vaccine Program, special masters typically compensate time spent traveling (when no other work is being performed) at one-half an attorney's hourly rate. *See Quinones v. Sec'y of Health & Hum. Servs.*, No. 11-154V, 2023 WL 6464905, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *3 (Fed. Cl. Spec. Mstr. Aug. 2, 2023); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009). Here, Petitioner's counsel billed 4.5 hours for a client meeting on November 6, 2018; the entire trip, including travel time, was billed at his full 2018 hourly rate of $350.00. Fees App., Ex. 1 at 1. Thus, a reduction for the time spent traveling is warranted. However, because Mr. Bucher blocked-billed his services, including three tasks in one billing entry, I cannot discern how long he spent traveling as opposed to meeting with his client or otherwise "gather[ing] facts re vaccine injury." Fees App., Ex. 1 at 1. Because the tasks included in this entry are inseparable, I will apply the 50% reduction to the entire amount billed for that meeting. This adjustment results in a reduction of **$787.50**.[3] I encourage counsel to avoid block billing Vaccine Program time going forward.

---

[3] This amount is calculated as $350.00 x 1/2 = $175.00 x 4.5 hrs. = $787.50.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of $14,374.60.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $2,518.50 in attorneys' costs. This amount consists of costs associated with the Court's filing fee, a $2,000.00 retainer for Dr. Marcel Kinsbourne's expert services[4], and the fees associated with establishing Mrs. Hale's estate. *See* Fees App., Ex. 3. These costs are all properly documented, and I award them in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $15,162.10 |
|---|---|
| (Reduction to Fees) | ($787.50) |
| **Total Attorneys' Fees Awarded** | **$14,374.60** |
|  |  |
| Attorneys' Costs Requested | $2,518.50 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,518.50** |
|  |  |
| **Total Amount Awarded** | **$16,893.10** |

**Accordingly, I award a lump sum in the amount of $16,893.10, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

---

[4] Dr. Kinsbourne did not submit an invoice for the time he spent working on this case before his unfortunate passing. However, because an expert report was filed on Petitioner's behalf, I conclude, in my discretion, that it is appropriate to award the cost of Dr. Kinsbourne's $2,000.00 retainer to cover the time he must have spent reviewing the case and writing his report. Respondent has not objected to reimbursement of this retainer.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

Case 1:19-vv-00154-UNJ     Document 53     Filed 12/19/25     Page 5 of 5